**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

PAULA JEAN STROPLE,

        Plaintiff,

v.                                          Case No. 6:14-cv-1962-Orl-37DAB

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

**ORDER**

This cause is before the Court on the following:

1. U.S. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 18), filed August 28, 2015;

2. Plaintiff's Objections to Report and Recommendation dated August 28, 2015 (Doc. 19), filed September 10, 2015; and

3. Defendant's Response to Plaintiff's Objection to Report and Recommendation of Magistrate (Doc. 20), filed September 15, 2015.

In this Social Security case, Plaintiff challenges the Commissioner's decision to deny her social security disability benefits. (Doc. 1.) U.S. Magistrate Judge David A. Baker recommends that the Court affirm the final decision of the Commissioner. (Doc. 18 ("**R&R**").) Plaintiff objected to the R&R on the grounds that: (1) the administrative law judge ("**ALJ**") failed to fully and fairly develop the record; and (2) the ALJ failed to apply the correct legal standards to the opinion of Dr. Youssef Guerges. (Doc. 19 ("**Objections**")). Defendant responded to Plaintiff's Objections. (Doc. 20 ("**Response**").) The matter is now ripe for the Court's consideration.

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

In light of Plaintiff's Objections, the Court conducted an independent, de novo review of the entire record. Upon consideration, the Court agrees with Magistrate Judge Baker and finds that his R&R is due to be adopted. The Court writes separately only to add that any error committed by the ALJ in failing to state with particularity the weight he assigned Dr. Guerges's medical opinion is harmless, as it did not affect the ALJ's ultimate conclusion.[1] It is clear from the record that the ALJ considered Dr. Guerges's opinion in its entirety. (*See* Doc. 12-2, p. 27.) Moreover, given that Dr. Guerges was a one-time examining physician, the ALJ was not required to give his opinion considerable weight. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004). The Commissioner's decision is, therefore, due to be affirmed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Objections to Report and Recommendation Dated August 28,

---

[1] *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) ("[W]hen an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."); *see also Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015).

    2015 (Doc. 19) are **OVERRULED**.

2. U.S. Magistrate Judge Baker's Report and Recommendation (Doc. 19) is **ADOPTED and CONFIRMED** and made a part of this Order.

3. The decision of the Commissioner is **AFFIRMED**.

4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff and to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 12, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record